[Civ. No. 8553.   Third Dist.   May 18, 1955.]

ELSIE C. FRANK, Appellant, v. J. C. PENNEY COM-
PANY, INC. (a Corporation), Respondent.

Barr & Hammond for Appellant.

Tebbe & Correia for Respondent.

VAN DYKE, P. J.—Plaintiff-appellant brought this action to recover damages based upon allegations that defendant-respondent had been negligent in the care of the floor in its store in Yreka and that as a result appellant slipped thereon, fell, and was injured. The trial court granted nonsuit.

Appellant as a business invitee had gone to respondent's store. After she had finished her shopping and was about to leave the store she crossed an open area to a point where, as she stepped on her right foot, the foot slipped forward. She was wearing an Oxford type shoe with a military heel. Her description of the incident indicates that the slippage was sudden and that her foot as it came to the floor found no traction to hold it. The summary of her testimony is as follows: My right foot slipped and I fell completely down on my right side; the slip was away from me and I struck on my right side, my hip and right shoulder; in the immediate vicinity of where I fell I noted oil over an area of floor about the size of a large plate; the floor appeared to be wet over that area and the floor appeared to be worn over an area about 3 or 4 feet in diameter, the wet spot being on the edge of the worn area; I do not know how deep the worn area was compared with the unworn surface of the floor. It was more than the thickness of folded paper, but I do not know how much it was worn; it was worn lower than the surrounding area. Appellant's husband, Francis L. Frank, testified that there was a slight depression in the floor and that the depressed area was somewhat darker than the general floor surface.

This court had occasion recently to discuss the rule

of law governing the duty of an invitor toward his business invitees in the case of *Hale* v. *Safeway Stores, Inc.,* 129 Cal.App.2d 124 [276 P.2d 118]:

" ' ''. . . the owner or occupier of business premises owes to invitees a duty to exercise reasonable care in keeping the premises reasonably safe for such invitees. (*Tuttle* v. *Crawford,* 8 Cal.2d 126 [63 P.2d 1128], etc.) ■ To impose liability for injuries suffered by an invitee due to the defective condition of the premises, the owner or occupier 'must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises. His negligence in such cases is founded upon his failure to exercise ordinary care in remedying the defect after he had discovered it.' ''' (*Hatfield* v. *Levy Brothers,* 18 Cal.2d 798, 806 [117 P.2d 841]).'

■ ''In *Louie* v. *Hagstrom's Food Stores, Inc.,* 81 Cal. App.2d 601, the court, at page 607 [184 P.2d 708], stated:

'' 'The true rule is that, while plaintiff must prove that the defective condition existed long enough so that by the use of reasonable care it should have been discovered and remedied, that fact, like other facts, may be proved by circumstantial as well as by direct evidence. ■ It is generally a question of fact for the jury as to whether, under all the circumstances, the defective condition existed long enough so that a reasonable man exercising reasonable care would have discovered it.' ''

In *Girvetz* v. *Boys' Market, Inc.,* 91 Cal.App.2d 827 [206 P.2d 6], the facts closely approximated those here testified to. In that case the plaintiff had slipped on a banana peel in a vegetable store and the only evidence as to how long the peel had been there was the testimony that someone had seen it there a minute and a half before the plaintiff fell. A directed verdict was granted and in affirming the judgment the appellate court said:

''Viewing the case, as we must, in the light most favorable to plaintiff, it appears that her fall was the result of a dangerous condition existing on the floor of the defendant's market, with approximately 15 employees within a radius of 15 feet from the scene of the accident, but that the circumstances are such as to afford no basis for an inference that the condition was created by the proprietor or his employees. The question is whether, in the circumstances, it can be

inferred that the dangerous condition had existed for such a length of time as to justify charging the defendant with lack of ordinary care in failing to discover and remedy it before the plaintiff was injured.''

In this case we think the proof was sufficient as to there being a dangerous and defective condition of the floor of respondent's store and that appellant slipped and fell and was injured by reason of that defective condition. Appellant's testimony that she suddenly and violently slipped when her right foot, as she walked, touched the floor; that in the immediate vicinity of where this slip occurred she saw oil on the floor, and in a slightly depressed area of the floor, is sufficient proof of the defective condition of the floor and the causal connection of that condition with appellant's injury. But we are unable from the evidence to find any support for the further and necessary inference that this condition was caused by an act of respondent, or that respondent had actual or constructive knowledge of it for a sufficient length of time to make repairs. Appellant in her brief evaluates the testimony as follows: ''It may reasonably and logically be inferred from the evidence that an indentation existed in the floor of Respondent's premises, caused by constant wear; that Respondent allowed oil or other wet substances to accumulate therein; that this condition existed for such a period of time that by the use of reasonable care on the part of Respondent it could and should have been discovered and remedied, and that these acts and failure to act constituted negligence on the part of Respondent.'' We are unable to agree with appellant that the evidence showed an accumulation in the depression, of oil or other wet substances, in the sense of passage of time or slow aggregation in the depression of such substances. The evidence will not support such inferences. There is no such description of the oil seen by appellant as would indicate that it had accumulated in the depression over a long period of time and there is nothing in the nature of the slight depression she described which would afford support for an inference that it had been collecting oil for any period of time. Indeed, there was no proof that oil had ever been used on the floor in any way by respondent or its employee. The same may be said of ''wet substances,'' whatever they were, which she saw and which she did not describe. There is nothing to show that oil or any wet substance had been on the floor for any length of time at all. We are not permitted under the

rules to indulge in pure speculation on such matters. It was for plaintiff to prove her case. Giving to the nonsuit rule as so frequently stated its full scope (*Blumberg* v. *M. & T. Inc.*, 34 Cal.2d 226 [209 P.2d 1]), we are constrained to hold that nonsuit was proper.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.