[Civ. No. 19514. First Dist., Div. Two. Feb. 21, 1962.]

EDNA PEREZ, Plaintiff and Appellant, v. ALBERT OW et al., Defendants and Respondents.

Robert H. Simons for Plaintiff and Appellant.

Campbell, Custer, Warburton & Britton and George A. Strong for Defendants and Respondents.

AGEE, J.—Plaintiff appeals from a judgment of nonsuit in a slip and fall case. The sole question herein is whether the evidence, as viewed most favorably to plaintiff, is sufficient to support a judgment in her favor.

Defendants operate a market in San Jose. Adjacent thereto is a small paved parking lot accommodating about

three cars and maintained by the market for the use of its patrons.

On Sunday, April 27, 1958, about 2:30 o'clock p. m., plaintiff walked across the lot and into the market. After making several purchases she left over the same route. The day was described by her as being "very nice." After taking six to eight steps across the lot, plaintiff slipped on a foreign substance, which was apparently chocolate ice cream, and fell. She did not see this substance either on her way into or out of the market. The area where the ice cream lay is viewable from the check stand in the market by looking through a glass door and window.

Plaintiff was a business invitee on the lot as well as in the market and defendants owed the duty of exercising ordinary care to avoid injury to her. Plaintiff does not contend that the mere happening of the accident raises any inference of negligence by defendants or that the doctrine of res ipsa loquitur is applicable. (See *Vaughn* v. *Montgomery Ward & Co.*, 95 Cal.App.2d 553, 557 [213 P.2d 417]; *Oldenburg* v. *Sears, Roebuck & Co.*, 152 Cal.App.2d 733, 741 [314 P.2d 33].) Nor does she contend that defendants had any express knowledge that any ice cream had been dropped on the parking lot.

The issue in dispute may be generally stated to be whether there is sufficient evidence to support a finding that defendants had constructive notice of the condition complained of in time to have remedied it before the accident occurred.

The decisive point of inquiry is the length of time the condition had existed. It is reasonable to infer that someone had purchased ice cream at defendants' market (even though another market is on the opposite corner) and had then left by the same route later taken by plaintiff; that this someone had dropped the ice cream, or some of it, on the pavement at the point where plaintiff fell.

But there is absolutely no evidence from which any conclusion at all can be drawn as to the length of time the ice cream had been there. In plaintiff's brief, there is mention of "melted" ice cream and the argument is made that, it having been purchased in a frozen state, there is "a strong probability that the ice cream lay melting upon the asphalt a sufficient enough time to afford notice" to defendants.

The weakness of this argument is that there is no testimony as to the condition of the ice cream at the time of the accident. The only testimony as to the ice cream being there at all was

given by plaintiff and she never at any time described its condition or stated that it was "melted" or "melting."

Plaintiff had the burden of producing evidence of the existence of the condition complained of for at least a sufficient time to support a finding that defendants had constructive notice thereof. This she failed to do.

The plaintiff in *Louie* v. *Hagstrom's Food Stores*, 81 Cal. App.2d 601 [184 P.2d 708], overcame the difficulty confronting the plaintiff in the instant case. In holding that the issue of constructive notice was properly left to the jury, the court said: "There is evidence that the puddle of syrup [which caused the plaintiff to fall] had reached appreciable proportions before the accident. There is evidence of defendant's own witness that this syrup was quite thick, possessed adhesive qualities, that the day was cold, and that on such a day the syrup would flow quite slowly. It is a reasonable inference that for this heavy thick fluid to have seeped through the paper bag and to have formed a puddle of appreciable proportions would take a substantial period of time." (P. 608.)

In *Travis* v. *Metropolitan Theatres Corp.*, 91 Cal.App.2d 664 [205 P.2d 475], plaintiff respondent slipped on some vomit on the floor of the theater. The court said: "The sole contention on appeal is that the condition did not exist for such length of time that a reasonably prudent person would have discovered it in time to remove it prior to respondent's arrival . . . [T]he substance had actually remained on the floor long enough to form a crust on its surface. Mr. Pike testified that the substance was dry on top with a crust like a pie but moist in the middle, that it was light yellow in the center and dark brown elsewhere. From such evidence the jury could reasonably infer that a substantial period of time had elapsed since the occurrence that caused the deposit."

In the instant case there was no evidence comparable to that in the *Louie* and *Travis* cases. Any inference as to the length of time which the ice cream had been there would be based upon pure speculation and conjecture.

In *Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.2d 827 [206 P.2d 6], a judgment for the defendant notwithstanding a verdict in favor of plaintiff was affirmed. Plaintiff slipped on a banana or banana peel lying in an aisle of a market in which she was a customer. The opinion distinguishes the *Louie* case, *supra*, on the ground that in that case there was evidence that the syrup had been there for a substantial period

of time, whereas in the instant case there was only the testimony of a witness who had seen the banana on the floor "a good minute and a half" before the accident. This was held to be too short a period as a matter of law. The opinion states: "It is, of course, entirely possible that the banana had been on the floor for a half hour or more, but to uphold a verdict based on that possibility would be to fix liability not upon evidence, but upon surmise and conjecture. The same possibility would exist were there no evidence at all as to the length of time the condition had continued. Obviously, the exact time that a dangerous condition must exist in order to charge the proprietor cannot be stated as a matter of law. It can only be held that, in the circumstances of the case now before the court, one and one-half minutes is too short a period." (Pp. 831-832.)

In *Frank* v. *J. C. Penney Co., Inc.*, 133 Cal.App.2d 123 [283 P.2d 291], it was held that there was sufficient evidence of a dangerous and defective condition of the floor at the place where plaintiff slipped and fell " [b]ut we are unable from the evidence to find any support for the further and necessary inference that this condition was caused by an act of respondent [store], or that respondent had actual or constructive knowledge of it for a sufficient length of time to make repairs. . . . There is no such description of the oil seen by appellant [plaintiff] as would indicate that it had accumulated in the depression over a long period of time and there is nothing in the nature of the slight depression she described which would afford support for an inference that it had been collecting oil for any period of time. . . . There is nothing to show that oil or any wet substance had been on the floor for any length of time at all. We are not permitted under the rules to indulge in pure speculation on such matters. It was for plaintiff to prove her case. Giving to the nonsuit rule as so frequently stated its full scope [citation], we are constrained to hold that nonsuit was proper." (Pp. 126-127.)

In *Oldenburg* v. *Sears, Roebuck & Co.*, 152 Cal.App.2d 733 [314 P.2d 33], a judgment for plaintiff was reversed with directions to the trial court to grant defendant's motion for judgment notwithstanding the verdict. There the plaintiff stepped on a piece of chalk which rolled and caused her to fall. The place of the accident was on a sidewalk adjacent to the store and maintained by defendant. The court held that there was no evidence, either direct or circumstantial, sufficient to support a finding that the condition complained of

had existed long enough for the defendant, in the exercise of reasonable care, to have discovered and remedied it.

We so hold in the instant case. There is no substantial evidence from which it can be reasonably inferred that the ice cream had been at the place of plaintiff's fall for a sufficient period of time to charge defendants with constructive notice of its presence and, in the exercise of reasonable care, to remedy such condition.

The judgment is affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.