Emma C. LIVELY, Plaintiff—
Appellant,

v.

WILD OATS MARKETS, INC.,
a Delaware corporation,
Defendant—Appellee.

No. 06–56726.

United States Court of Appeals,
Ninth Circuit.

Submitted June 2, 2008.*

Filed June 6, 2008.

Leonard M. Tavera, Esq., Towle Denison Smith & Tavera LLP, Los Angeles, CA, for Plaintiff–Appellant.

Richard M. Koep, Esq., Crandall Wade & Lowe, Calabasas, CA, for Defendant–Appellee.

Before: O'SCANNLAIN and
TALLMAN, Circuit Judges, and
SINGLETON,** Senior District Judge.

MEMORANDUM ***

We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's grant of summary judgment in favor of Wild Oats Markets, Inc. ("Wild Oats"). There is no evidence in the record suggesting that Wild Oats had either actual or constructive knowledge of the spilled water that caused Emma Lively to slip and fall. *See Moore v. Wal–Mart Stores, Inc.,* 111 Cal.App.4th 472, 3 Cal.Rptr.3d 813, 816 (2003) ("In the absence of actual or constructive knowledge of the dangerous condition, the owner is not liable."). There is also no evidence that Wild Oats became aware of the spilled water within a sufficient time to remove it. *See Perez v. Ow,* 200 Cal.App.2d 559, 19 Cal.Rptr. 372, 373 (1962); *Girvetz v. Boys' Market,* 91 Cal. App.2d 827, 206 P.2d 6, 7 (1949). It is undisputed that Wild Oats manager Kenneth Admire inspected the area where the accident occurred only five minutes beforehand and found no spilled water. It is also undisputed that another Wild Oats manager, Tom Gilbert, performed inspection sweeps every half hour on the day of the accident and found no hazards. The fact that Gilbert failed to write in the log the exact minute that he conducted each sweep is not evidence that he failed to conduct the sweeps in light of his uncontested testimony.

Lively argues that Wild Oats can be liable regardless of how long the water was on the floor because the water-filled buckets posed an unreasonable danger, and that a jury must decide whether the slip-resistant rubber mat is an adequate remedy. This argument is foreclosed by *Moore v. Wal–Mart Stores,* 3 Cal.Rptr.3d at 818. ("[A] store owner's choice of a particular 'mode of operation' does not eliminate a slip-and-fall plaintiff's burden of proving the owner had knowledge of the dangerous condition that caused the accident.").

Lively also contends that the surveillance tapes may create an issue of fact.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).
** Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

However, Lively waived this argument by failing to raise it before the district court in her response to Wild Oats's summary judgment motion. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir.2001) (holding that "the district court may limit its review to the documents submitted for purposes of summary judgment").

AFFIRMED.