Filed 10/21/13  Moran v. Swift CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| EDUARDO MORAN, a Minor, etc., et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>PAMELA SWIFT,<br><br>Defendant and Respondent. | H037435<br>(Santa Cruz County<br>Super. Ct. No. CV166157) |

Appellants Eduardo Moran and three other minors challenge the superior court's grant of summary judgment to defendant Pamela Swift in their tort action against her. The court found that there were no triable issues of fact as to the absence of proof of injury or harm.  We find no error and affirm the judgment.

**I.  Background**

Appellants filed an action against Swift in which they alleged two causes of action:  one for battery, and one for negligence.[1]  In June 2011, Swift brought a motion for summary judgment asserting, among other things, that appellants could not produce

---

[1]     The appellate record does not include a copy of the complaint.  We glean this information about the nature of the causes of action from the pleadings on the summary judgment motion.

any evidence that they had "suffered any injury or harm" and therefore could not prevail on either cause of action.

Swift asserted in her separate statement that it was undisputed that all four appellants "do[] not speak or write." She also asserted that it was undisputed that: "Plaintiffs have not sought or received any treatment for any physical or mental injuries;" "There are no documents depicting any injuries;" and "Plaintiffs have not suffered any loss of income or earning capacity." These undisputed facts were based on appellants' responses to form interrogatories and their responses to a request for production. Appellants opposed Swift's summary judgment motion. They agreed that these facts were undisputed, and their separate statement did not include any facts addressing the "injury or harm" issue. When the court invited appellants to submit additional evidence on this issue, they submitted declarations from appellants' parents that contradicted their prior deposition testimony. "[A] party cannot create an issue of fact by a declaration which contradicts his prior discovery responses." (*Shin v. Ahn* (2007) 42 Cal.4th 482, 500, fn. 12.) Swift objected to the declarations on this basis, and the court sustained the objection and refused to consider these declarations.

At the hearing on the motion, the court noted the absence of any evidence of injury or harm. "[Appellants' parents] acknowledge [in their deposition testimony] that they have no idea what impact the actions of the defendant would have had upon their children. There are no medical records in this matter. There are no doctor's findings. There's no medical treatment. . . . [I]t's purely speculative on the part of the parents as to whether there's any causal connection between the defendant's actions or alleged actions and the children's responses." "[I]t's not going to come through the parents. And tragically and unfortunately, it can't come through the children. And it's not going to come through any of the medical providers because none of them have offered any review or examination of these kids in relationship to these matters." "I don't see any way based on the evidence I have in this file as to how this case gets to a jury. . . . [¶]

2

Please educate me, [appellants' trial counsel], as to how you plan on showing injury or damage in this matter." Appellant's trial counsel suggested that an expert witness might be able to provide the necessary evidence, but he admitted that he had failed to submit any such evidence in opposition to the motion.

The court granted Swift's motion and entered judgment for her. The court found that "there is no triable issue of any material fact, that the evidence submitted by the Defendant establishes as a matter of law that the Plaintiffs did not sustain any 'injury or damage' as a result of any conduct or actions of the Defendant, and that the Plaintiffs failed to present admissible evidence to create a material triable question of fact on the 'injury or damage' issue." Appellants timely filed a notice of appeal from the judgment.

## II. Analysis

Appellants' sole contention on appeal is that the judgment must be reversed because the superior court erroneously required proof of "physical harm or special damages." "On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections have been made and sustained." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) Since we exercise independent review, the superior court's reasoning is immaterial.

"The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).) The party moving for summary judgment bears "the burden of persuasion" that there are no triable issues of material fact and that the moving party is entitled to judgment as a matter of law. (*Aguilar*, at p. 850.) The moving party also "bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden

3

of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact." (*Ibid.*) "A prima facie showing is one that is sufficient to support the position of the party in question." (*Aguilar*, at p. 851.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, at p. 850.)

A defendant seeking summary judgment is not required "to conclusively negate an element of the plaintiff's cause of action. . . . All that the defendant need do is to 'show[] that one or more elements of the cause of action . . . cannot be established' by the plaintiff. [Citation.] In other words, all that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action—for example, that the plaintiff cannot prove element *X*. Although he remains free to do so, the defendant need not himself conclusively negate any such element—for example, himself prove *not X*. . . . The defendant has shown that the plaintiff cannot establish at least one element of the cause of action by showing that the plaintiff does not possess, and cannot reasonably obtain, needed evidence: The defendant must show that the plaintiff *does not possess* needed evidence, because otherwise the plaintiff might be able to establish the elements of the cause of action; the defendant must also show that the plaintiff *cannot reasonably obtain* needed evidence, because the plaintiff must be allowed a reasonable opportunity to oppose the motion [citation]." (*Aguilar*, *supra*, 25 Cal.4th at pp. 853-854, citation & fns. omitted.)

Here, Swift's motion sought to establish that appellants could not prevail on either of their causes of action because they did not possess and could not reasonably obtain any evidence that they had been injured or harmed by Swift's alleged conduct. "In order to establish liability on a negligence theory, a plaintiff must prove duty, breach, causation *and damages*." (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1205, italics added.)

4

"'[A]ctual damage' in the sense of 'harm' is necessary to a cause of action in negligence; nominal damages are not awarded." (*Duarte v. Zachariah* (1994) 22 Cal.App.4th 1652, 1662.) "A battery is any intentional, unlawful *and harmful* contact by one person with the person of another." (*Ashcraft v. King* (1991) 228 Cal.App.3d 604, 611, italics added.) Thus, a necessary element of both causes of action was that Swift's alleged conduct had caused harm to appellants.

Swift's evidence in support of her motion established by means of appellants' discovery responses that appellants did not have and could not reasonably obtain any evidence that could establish that they had been harmed by Swift's alleged conduct. None of them could personally describe any harm they had suffered as a result of Swift's alleged conduct because appellants admitted that it was undisputed that appellants lacked the ability to speak, write, or otherwise communicate. No documentation of harm could be introduced since appellants admitted that it was undisputed that they had no documentation of any harm that they had suffered from Swift's alleged conduct. No health care professional could describe any harm appellants had suffered as appellants admitted that it was undisputed that they had not sought treatment from any such professionals for any harm arising from Swift's alleged conduct. By establishing that appellants could provide neither their testimony nor a treatment provider's testimony and that no documentation existed, Swift met her initial burden of showing that appellants did not possess and could not reasonably obtain any evidence that would support a finding that they were harmed by Swift's alleged conduct.

The burden then shifted to appellants. As we have already noted, the declarations that appellants' parents submitted could not be considered because they conflicted with their previous deposition testimony. Appellants offered no other evidence that they had suffered any harm nor did they describe how they could reasonably obtain such evidence. Hence, they failed to carry their burden of demonstrating that a material triable issue of fact existed on the issue of harm.

5

Consequently, the superior court did not err in concluding that a trial was not necessary to resolve this case and that Swift was entitled to summary judgment.

### III.  Disposition

The judgment is affirmed.


_____

Mihara, J.


WE CONCUR:


_____

Premo, Acting P. J.


_____

Márquez, J.