**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NORMA CARDOZA, | No. 18-55877 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02232-MWF-RAO |
| v. | |
| TARGET CORPORATION; DOES, 1 to 50, inclusive, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 17, 2019**

Before: McKEOWN, BYBEE, and OWENS, Circuit Judges.

Norma Cardoza appeals from the district court's summary judgment in her

diversity action alleging negligence and premises liability under California law.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Braunling v.*

*Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment because Cardoza failed to raise a genuine dispute of material fact as to whether defendant had actual or constructive notice of a dangerous condition in sufficient time to correct it. *See Ortega v. Kmart Corp*., 36 P.3d 11, 13-14 (Cal. 2001) (requirements for liability under a negligence theory; failure to inspect the premises within a reasonable period of time may establish owner's constructive notice).

The district court did not abuse its discretion by denying Cardoza's request to continue summary judgment proceedings to allow further discovery because Cardoza did not comply with the requirements of Federal Rule of Civil Procedure 56(d). *See SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) (providing standard of review and setting forth requirements for a motion under Rule 56(d) to allow discovery while a summary judgment motion is pending).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-55877