**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN BLACKBURN;<br>DIANE BLACKBURN,<br><br>　　　　Plaintiffs-Appellants,<br><br>　v.<br><br>WALMART INC.; DOES, 1-10, inclusive,<br><br>　　　　Defendants-Appellees. | No. 19-56064<br><br>D.C. No. 5:18-cv-02487-DOC-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 12, 2020[**]
Pasadena, California

Before: WARDLAW and CLIFTON, Circuit Judges, and HILLMAN,[***] District
Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Timothy Hillman, United States District Judge for the
District of Massachusetts, sitting by designation.

Appellants John and Diane Blackburn appeal the district court's grant of summary judgment to Walmart on their general negligence, premises liability, and loss of consortium claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

The district court did not err in granting summary judgment on all claims. First, the Blackburns failed to demonstrate the existence of a genuine issue of material fact as to whether a dangerous condition existed. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004) (describing the standard of review for a grant of summary judgment); *see also Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001) (laying out the requirements for a negligence claim under California law). Assuming *arguendo* that the can that struck John Blackburn fell from the top shelf, the Blackburns have not presented any evidence that the can was stocked in a dangerous manner. An image taken shortly after the incident shows a neatly stacked aisle with, at most, two cans stacked one on top of the other. The fact that a can did strike John Blackburn does not on its own demonstrate that the cans were stocked in a dangerous manner prior to the image being taken.

Second, the Blackburns failed to demonstrate the existence of a genuine issue of material fact as to whether Walmart had notice or constructive notice of

2

the alleged dangerous condition. *See id*. at 1206. No evidence suggests that Walmart knew of a mis-stocked can. Additionally, no evidence was presented with regards to when the alleged dangerous condition arose. As a result, it cannot be inferred that the subject can was improperly stocked for a period of time sufficient to charge Walmart with constructive notice. *See Perez v. Ow*, 200 Cal. App. 2d 559, 563 (Ct. App. 1962).

Third, the Blackburns failed to demonstrate the existence of a genuine issue of material fact with regards to whether Walmart's conduct was the cause of John Blackburn's injury. *See Ortega*, 26 Cal. 4th at 1205. "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Id.* at 1205–06 (quoting Prosser & Keeton, *Torts* § 41 (5th ed. 1984)). The Blackburns have not provided evidence that the subject can was improperly stocked or that Walmart knew or should have known that the can was improperly stocked. As a result, only speculation supports the argument that Walmart was the cause of John Blackburn's injury.

The district court also did not err in concluding that the doctrine of *res ipsa loquitor* does not apply in this case. The Blackburns have not demonstrated that the subject can was in the exclusive control of Walmart. *See Brown v. Poway Unified*

3

*Sch. Dist.*, 4 Cal. 4th 820, 825–26 (1993) (stating that for *res ipsa loquitor* to apply the accident must have been caused "by an agency or instrumentality within the exclusive control of the defendant"). Assuming *arguendo* that the can that struck John Blackburn was stocked on the top shelf, the evidence does not support the claim that the can was in Walmart's exclusive control. Signs requesting that patrons "ask for assistance with items on the top shelf," do not demonstrate that customers actually do so. Without some form of barrier or additional restriction it seems equally likely that a customer or an employee was the last to handle the can that struck John Blackburn. As a result, *res ipsa loquitor* is inapplicable.

**AFFIRMED.**