NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MONICA BEE, an individual,

Plaintiff-Appellant,

v.

WALMART, INC., a Delaware corporation;
et al.,

Defendants-Appellees.

No.    23-55458

D.C. No.
2:21-cv-08919-FWS-MAR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Submitted May 7, 2024[**]
Pasadena, California

Before: FORREST and BUMATAY, Circuit Judges, and DONATO,[***] District
Judge.

Plaintiff-Appellant Monica Bee slipped and fell on an unknown liquid in a

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

California Walmart store. The district court declined to consider the declarations of two experts who were not properly disclosed, and the court granted summary judgment to Walmart on Bee's negligence and premises liability claims. Bee appeals both decisions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. ***Expert Declarations.*** We review the district court's exclusion of expert evidence for an abuse of discretion. *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1063 (9th Cir. 2022). Bee's opposition to summary judgment included declarations from two experts whom she failed to disclose before the expert-disclosure deadline. Bee argues that the district court should have considered the declarations because the discovery schedule justified the delay, and Walmart did not show that it would be prejudiced by consideration of this evidence. But Bee had the burden to show that the delayed expert disclosures were "substantially justified or . . . harmless." Fed. R. Civ. P. 37(c)(1); *Unicolors*, 52 F.4th at 1072–73. The district court did not abuse its discretion by determining that Bee failed to meet her burden when she made no argument at all.

2. ***Summary Judgment.*** We review the district court's grant of summary judgment de novo. *Scanlon v. County of Los Angeles*, 92 F.4th 781, 796 (9th Cir. 2024). Summary judgment is proper where there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If the nonmovant has the burden of proof, she must submit sufficient evidence to

allow a reasonable jury to find in her favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Under California law, negligence and premises liability claims both require the plaintiff to demonstrate that a storeowner breached its duty of care to maintain reasonably safe premises. *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1158–59 (2016). When the injury is caused by a dangerous condition, the plaintiff has the burden of showing that the defendant had actual or constructive notice of the condition with sufficient time to correct it. *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1206 (2001).

Bee has not demonstrated a genuine dispute regarding Walmart's notice. A reasonable jury could not conclude that Walmart had actual notice that there was liquid on the floor of its store. Bee does not know how long the liquid was on the ground or where it came from, and her only evidence that Walmart knew about the spill was an employee who said, "I'm so sorry. We should have cleaned that up." Bee acknowledged that she was "speculating" that the apology implied Walmart knew about the spill, and a reasonable jury could not infer that Walmart had knowledge from this statement alone. *Cf. Hill v. Walmart Inc.*, 32 F.4th 811, 818 (9th Cir. 2022) ("[M]ere speculation . . . is insufficient to defeat summary judgment.").

Nor did Bee introduce sufficient evidence of Walmart's constructive notice. A plaintiff can show constructive notice by demonstrating that the storeowner did

3

not inspect the area where the accident occurred within a reasonable time before the accident. *Ortega*, 26 Cal. 4th at 1210. A video recording shows that a Walmart employee passed through the subject area twice within ten minutes of the fall, and the employee stated that she inspected the area and saw that it was "free and clear of any liquid spill," Bee argues that the video does not establish that the employee's inspection was adequate because the employee was also doing other tasks. We disagree because Bee has not introduced any other evidence undermining the video or otherwise demonstrating that the aisle was not inspected within a reasonable time before the accident. *See id.* at 1205 ("[T]he care required is commensurate with the risks involved."); *see also Moore v. Wal-Mart Stores, Inc.*, 111 Cal. App. 4th 472, 477 (2003) ("[I]t is still the plaintiff who has the burden of producing evidence and who must prove that the owner had constructive notice of the hazardous condition.").

**AFFIRMED.**

4