Filed 6/26/15  Jacinto v. Caruso Management CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| TERESITA JACINTO,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>CARUSO MANAGEMENT COMPANY, LTD.,<br><br>　　　　Defendant and Respondent. | B256906<br><br>(Los Angeles County<br>Super. Ct. No. EC059324 ) |

APPEAL from an order and judgment of the Superior Court of Los Angeles County, William D. Stewart, Judge.  Reversed.

Thon Beck Vanni Callahan & Powell and Kevin K. Callahan for Plaintiff and Appellant.

Wood, Smith, Henning & Berman, Daniel A. Berman, Steven L. Rodriguez and Nicholas M. Gedo for Defendant and Respondent.

## I.  INTRODUCTION

Plaintiff, Teresita Jacinto, appeals from a judgment following an order granting summary judgment.  Plaintiff sued defendant, Caruso Management Company, Limited, for negligence and premises liability.  Plaintiff alleges she tripped and fell over a wheel stop that was negligently placed.  Defendant owned and managed the premises where the wheel stop was located.  Defendant moved for summary judgment.  Defendant contended it owed plaintiff no legal duty because the danger was open and obvious and it lacked knowledge of the potential danger.  Defendant also argued plaintiff failed to raise a triable issue of material fact that the wheel stop caused her to fall.  The trial court granted summary judgment as to the causation issue.  We reverse the judgment and remand.

## II.  BACKGROUND

### A.  Plaintiff's Complaint

Plaintiff brought suit for personal injury, premises liability and negligence. Plaintiff named as defendants, J.P. Morgan Chase Bank and Does 1 through 25.  J.P. Morgan Chase Bank is not a party to this appeal.  Plaintiff alleges that on March 12, 2012, she was on the premises located at 224 Colorado Street in Glendale, California. She alleges:  defendants negligently, carelessly, unlawfully and recklessly installed a wheel stop concrete block in the disabled parking area adjacent to a pedestrian walkway; the wheel stop's placement contravened industry standards and was a dangerous condition; defendants should have known or did know of said dangerous condition and failed to warn about or correct it; and, as a result, the wheel stop caused plaintiff to fall and suffer injuries.  Plaintiff requested general damages, medical expenses, loss of earnings and capacity, costs of suit, and any other appropriate relief.  Plaintiff later amended her complaint to name defendant pursuant to Code of Civil Procedure section 474.

2

## B. Defendant's Summary Judgment Motion

On August 30, 2013, defendant moved for summary judgment against plaintiff. Defendant contended: it did not have a legal duty of care to plaintiff; it had no duty to remedy an alleged dangerous condition; and even if the wheel stop was a dangerous condition, plaintiff by her own testimony cannot prove that it caused her to fall.

Plaintiff in opposition argued defendant owed her a duty to keep her safe from dangerous conditions. She asserted triable issues of fact remained as to whether defendant breached its duty. Plaintiff argued the dangerousness and the open and obvious nature of the condition were triable issues of fact. Plaintiff contended there were triable issues of fact that defendant was on actual or constructive notice of the dangerous condition. Plaintiff also asserted the wheel stop caused her to trip and fall. The trial court twice ordered supplemental briefing to address issues of legal duty and causation.

## C. Undisputed Facts

The alleged incident occurred on March 12, 2012, at approximately 3 p.m. The wheel stop which allegedly caused plaintiff's fall was at the bottom of the disabled accessible ramp outside of a J.P. Morgan Chase bank. Defendant was the owner and manager for the parking lot at the time of the incident. The wheel stop at issue has not changed its placement since March 12, 2012. On March 12, 2012, the wheel stop was painted blue and had the words "CHASE" painted in white lettering upon it. The wheel stop was five inches high and seven and one-quarter inches wide. The adjacent accessible ramp was made out of white-colored concrete. The adjacent pavement was black in color. The wheel stop was immediately adjacent to the accessible walkway. The accessible walkway was also painted blue.

Plaintiff's daughter parked to the left of the parking spot where the wheel stop was located. Plaintiff stepped out of the passenger side of the car. Plaintiff walked towards

3

the disabled accessible walkway, then turned left towards the bank. Plaintiff looked straight at the bank doors when she exited the car.

As she exited the bank, plaintiff walked down the disabled ramp. She began to walk toward the car to the right while proceeding down the ramp. Near the ramp bottom, plaintiff tripped and fell. Defendant's employees inspect the parking lot twice per day. Plaintiff is the first person to complain of tripping and falling over the wheel stop.

## D. Disputed Facts

### 1. Robert Galluci's Declaration

Mr. Galluci is a state-licensed contractor who submitted a declaration on defendant's behalf. He declared the wheel stop was easily and readily noticeable to an ordinary person. Mr. Galluci concluded plaintiff was not forced to encounter the wheel stop and could have avoided it by walking a different path. He declared the placement of the wheel stop did not violate any statutes, ordinances or regulations. In his supplemental declaration, Mr. Galluci declared the blue color of the wheel stop was standard custom and practice. He declared the wheel stop's blue color was to contrast with the surrounding pavement.

### 2. Brad P. Avrit

Mr. Avrit is a state-licensed civil engineer and he executed a declaration on plaintiff's behalf. He is president of WEXCO International Corporation which is a construction consulting, engineering, safety and management firm. The wheel stop's base was 11.5 inches from the edge of the sidewalk. It immediately abutted the limit line of the parking space. He declared the wheel stop's placement violated: the federal American with Disabilities Act accessibility guidelines; the American Society of Testing

4

and Materials' standard practice for safe walking surfaces; and the slip and fall practice recommended by Charles Turnbow, a noted authority on falls.

Mr. Avrit, in his supplemental declaration, stated additional reasons why the wheel stop was not readily apparent and created visual confusion. Mr. Avrit cited to the close proximity of a blue wheel stop abutting the blue painted sidewalk and walkway. Mr. Avrit also declared at the time of the day, the area where plaintiff tripped was shadowed and made the difference between the black asphalt and blue wheel stop even harder to notice.

### 3. Plaintiff's Deposition

In her deposition, plaintiff testified regarding the cause of her fall: "Q: All right. So you're walking down the handicap ramp. Your daughter's ahead of you to the right someplace. [¶] What happens? [¶] A: I tripped, and then I fell. I suddenly fell, and I was falling. [¶] Q: At any time prior to tripping, did you step off the handicap ramp to the asphalt parking lot surface where it was flat? [¶] A: When I went down the ramp like that, going down was here. I felt that my foot got caught, and then it suddenly happened." Plaintiff testified with the assistance of a Tagalog interpreter. Plaintiff later confirmed her prior testimony: "Q: Do you know one way or the other what caused you to fall? [¶] A: I got caught there. [¶] THE INTERPRETER: I'm sorry. The interpreter wants to make a correction. 'I tripped there.'" Plaintiff was asked to mark an exhibit indicating the path she took to where she tripped and to circle the area of the parking stop she tripped over. Plaintiff drew a circle around the wheel stop to indicate what caused her to trip and fall.

### 4. Plaintiff's Declarations

In plaintiff's original declaration filed in opposition to defendant's summary judgment motion, she declared: "After I reached the end of the sidewalk and I stepped

5

off the sidewalk and that is when I tripped on a wheel stop that was in the pathway area, lost control and fell on my left side. It felt like my foot got caught." Her first supplemental declaration stated the same.

In her second supplemental declaration, plaintiff declared: "I stepped off the walkway into what I perceived to be a handicapped walkway, and I immediately felt my foot strike a solid object which prevented my foot from moving and caused me to fall. At the time I felt my foot strike the object I was not looking down at my feet and did not actually see my foot hit the object. However, after I was on the ground I looked back to see what could have caused me to fall and the ONLY fixed object in the exact area in the exact place where my foot struck the object was the wheel stop . . . ."

## E. Order and Judgment

On February 28, 2014, defendant's summary judgment motion was granted. The trial court ruled plaintiff had failed to raise a triable issue of material fact as to causation. Judgment was entered on April 10, 2014. Plaintiff appealed from the judgment. The trial court later filed an amended judgment which included costs on June 30, 2014. We deem plaintiff's appeal timely and not premature. (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504-505; *Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.)

## III. DISCUSSION

### A. Summary Judgment Legal Standard

In *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850-851, our Supreme Court described a party's burden on summary judgment motions as follows: "[F]rom commencement to conclusion, the party moving for summary judgment bears the burden of persuasion that there is no triable issue of material fact and that he is entitled to

6

judgment as a matter of law. That is because of the general principle that a party who seeks a court's action in his favor bears the burden of persuasion thereon. [Citation.] There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof . . . . [¶] [T]he party moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact; if he carries his burden of production, he causes a shift, and the opposing party is then subjected to a burden of production of his own to make a prima facie showing of the existence of a triable issue of material fact. . . . A prima facie showing is one that is sufficient to support the position of the party in question. [Citation.]" (Fns. omitted; see *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870, 877-878.)

We review an order granting summary judgment de novo. (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336; *Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65, 67-68.) The trial court's stated reasons for granting summary judgment are not binding because we review its ruling not its rationale. (*Coral Construction, Inc. v. City and County of San Francisco, supra,* 50 Cal.4th at p. 336; *Continental Ins. Co. v. Columbus Line, Inc.* (2003) 107 Cal.App.4th 1190, 1196.) In addition, a summary judgment motion is directed to the issues framed by the pleadings. (*Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1252; *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 673, overruled on a different point in *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527, fn. 5.) These are the only issues a motion for summary judgment must address. (*Conroy v. Regents of University of California* (2009) 45 Cal.4th 1244, 1250; *Goehring v. Chapman University* (2004) 121 Cal.App.4th 353, 364.)

## B.  Duty

Plaintiff alleges premises liability and negligence against defendant.  Civil Code section 1714, subdivision (a) provides, "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property . . . ."  At trial, to prevail on a negligence claim, plaintiff must show that:  defendant owed her a legal duty; it breached that duty; and the breach was a legal cause of her injuries.  (*Ann M. v. Pacific Plaza Shopping Center, supra,* 6 Cal.4th AT P. 673.)  The Court of Appeal has held: "Premises liability is a form of negligence . . . and is described as follows:  The owner of premises is under a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm."  (*Brooks v. Eugene Burger Management Corp.* (1989) 215 Cal.App.3d 1611, 1619.)  Our Supreme Court has stated, "In other words, 'each person has a duty to use ordinary care and "is liable for injuries caused by his failure to exercise reasonable care in the circumstances. . . ."' [Citation.]"  (*Cabral v. Ralphs Grocery Co.* (2011) 51 Cal.4th 764, 771 (*Cabral*); accord, *Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 472, quoting *Rowland v. Christian* (1968) 69 Cal.2d 108, 112 (*Rowland*).)

We first address defendant's argument that it owed no legal duty to plaintiff.  In *Cabral,* the Supreme Court summarized the so-called *Rowland* factors for determining whether a duty of care exists:  "In the *Rowland* decision, this court identified several considerations that, when balanced together, may justify a departure from the fundamental principle embodied in Civil Code section 1714:  'the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost and prevalence of insurance for the risk involved.'  [Citations.]"  (*Cabral, supra,* 51 Cal.4th at p. 771,

8

quoting *Rowland, supra,* 69 Cal.2d at p. 113; accord, *Castaneda v. Olsher* (2007) 41 Cal.4th 1205, 1213.)  Although foreseeability and the extent of the burden to the defendant are ordinarily the crucial considerations, one or more of the *Rowland* factors may be determinative of the duty analysis in a given case.  (*Castaneda v. Olsher, supra,* 41 Cal.4th at p. 1213; *Delgado v. Trax Bar & Grill* (2005) 36 Cal.4th 224, 237, fn. 15.)  Legal duty in negligence causes of action is a question of law.  (*Avila v. Citrus Community College Dist.* (2006) 38 Cal.4th 148, 161; *Artiglio v. Corning* (1998) 18 Cal.4th 604, 614.)  In *Cabral,* our Supreme Court stressed, "[I]n the absence of a statutory provision establishing an exception to the general rule of Civil Code section 1714, courts should create one only where 'clearly supported by public policy.'  [Citations.]"  (*Cabral, supra,* 51 Cal.4th at p. 771, fn. omitted, quoting *Rowland, supra,* 69 Cal.2d at p. 112.)

Defendant raises two defenses to the legal duty element.  Defendant first contends it owed plaintiff no duty of care because it had no notice of any potential danger.  Our Supreme Court has held:  "Because the owner is not the insurer of the visitor's personal safety [citation], the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability.  Although the owner's lack of knowledge is not a defense, '[t]o impose liability for injuries suffered by an invitee due to [a] defective condition of the premises, the owner or occupier "must have either actual or constructive knowledge of the dangerous condition or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises . . . ."'  [Citation.]"  (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1206; accord, *Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 476.)

Defendant presented evidence that it had received no complaints regarding the subject wheel stop until plaintiff's incident.  However, the evidence also indicated defendant inspected the parking lot where the wheel stop was located twice a day.  The wheel stop was immediately adjacent to a pedestrian handicap walkway located in the bank's front.  As mentioned, plaintiff presented evidence, through Mr. Avrit's

9

declaration, that the wheel stop created a dangerous condition. Defendant would thus have constructive notice of the wheel stop's danger. A reasonable inference can be made that a pedestrian would encounter the wheel stop while walking down that walkway.

Defendant also contends the danger posed by the wheel stop was open and obvious and thus it owed no duty to warn plaintiff of it. The Courts of Appeal have held: "As a general rule, an owner or possessor of land owes no duty to warn of obvious dangers on the property. [Citations.]" (*Christoff v. Union Pacific Railroad Co.* (2005) 134 Cal.App.4th 118, 126; accord, *Reyes v. Kosha* (1998) 65 Cal.App.4th 451, 461.) As noted, defendant submitted Mr. Galluci's declaration. Mr. Galluci declared the wheel stop's blue color was in strong contrast to the surrounding pavement. However, Mr. Avrit concluded the area was visually confusing because of: the blue paint of the curb; the wheel stop; the disabled access aisle; and the shadows at the time the incident occurred. According to Mr. Avrit, this visual confusion made the wheel stop not an obvious danger. Based on Mr. Avrit's declaration, a reasonable inference can be made that the danger posed by the wheel stop was not obvious. Given the conflicting evidence, defendant has not met its burden of demonstrating plaintiff cannot satisfy the duty element.

Defendant contends plaintiff could have avoided the wheel stop entirely if she had walked a different path. This argument raises comparative negligence issues and is not a complete defense. A Court of Appeal has held: "Depending upon the ultimate evidence, how plaintiff navigated the area may pose an issue of comparative negligence. [Citation.] But that does not now warrant relieving defendant of all the legal burden of the situation." (*Martinez v. Chippewa Enterprises, Inc.* (2004) 121 Cal.App.4th 1179, 1186; see *Beauchamp v. Los Gatos Golf Course* (1969) 273 Cal.App.2d 20, 35-36 ["[T]he doctrine that whether to choose to travel over a known unsafe way where a safe one is available is negligence is to be determined by the trier of the fact."].) Accordingly, we find defendant has not demonstrated it should be exempt from having a legal duty of care imposed on it here.

10

## C. Causation

The trial court expressly ruled plaintiff could not establish defendant's alleged negligence caused her injuries. Defendant's causation arguments have no merit. Our Supreme Court has held, "[T]o demonstrate actual or legal causation, the plaintiff must show that the defendant's act or omission was a 'substantial factor' in bringing about the injury. [Citations.] In other words, plaintiff must show some substantial link or nexus between omission and injury." (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 778; see *Upasani v. State Farm General Ins. Co.* (2014) 227 Cal.App.4th 509, 518.) Whether a defendant's conduct actually caused injury is generally a question of fact. (*Uriell v. Regents of University of Cal.* (2015) 234 Cal.App.4th 735, 744; *Osborn v. Irwin Memorial Blood Bank* (1992) 5 Cal.App.4th 234, 252.)

Defendant contends plaintiff failed to demonstrate triable issues of fact as to causation. Defendant cites to the undisputed fact that plaintiff testified at her deposition she was looking straight ahead when she tripped. Defendant argues this means plaintiff could not testify that she tripped over the wheel stop because she did not know it was present. We assume for purpose of argument this was sufficient to satisfy defendant's initial burden of proof that no triable issue of material fact existed as to causation. As noted, the burden shifts to plaintiff to present evidence from which a trial court can reasonably infer there is a triable issue of material fact.

During the February 28, 2014 hearing, the trial court stated: "She first says that she caught her foot. Okay. And then later on she said her foot struck. I couldn't accept that because I think it violates the rule of [*Benavidez v. San Jose Police Dept.* (1999) 71 Cal.App.4th 853]. Catching and striking are two different things. [¶] But regardless of whether you catch or strike your foot on the blue cement thing . . . and then there's nothing, there's no scuff mark, there's no paint transfer, there's nothing on the shoe -- and she doesn't even know which foot it was. How can I find that there's a triable issue of fact that she tripped . . . over that barrier? [¶] . . . I know the court can make an

inference because she looked up and saw it there, but given her original statement . . . that her foot . . . got caught, it is just as likely that her foot got caught on her other foot."

The rule in *Benavidez v. San Jose Police Dept.*, *supra*, 71 Cal.App.4th at page 860 is as follows: "'In determining whether any triable issue of material fact exists, the trial court may, in its discretion, give great weight to admissions made in deposition and disregard contradictory and self-serving affidavits of the party' (*Preach v. Monter Rainbow* (1993) 12 Cal.App.4th 1441, 1451.)" (See *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 21-22.) However, the discovery admission rule discussed in *Benavidez* is subject to the exception that it is inapplicable to tacit admissions or fragmentary or equivocal concessions: "Courts have consistently refused to apply the *D'Amico* rule to exclude evidence in opposition to a summary judgment motion when the evidence in the record on the motion credibly explains or contradicts a party's earlier admissions. (E.g., *Scalf*[ *v. D. B. Log Homes, Inc.* (2005)] 128 Cal.App.4th [1510,] 1523 [party's deposition testimony that there were no defects in log cabin kit credibly explained by other evidence showing the defects became apparent only after the kit was inspected]; *Niederer v. Ferreira* (1987) 189 Cal.App.3d 1485, 1503 [the plaintiff's deposition testimony that note was never assigned to her credibly explained by the plaintiff's supplemental declaration stating she did not understand the question asked of her at deposition]; cf. *Whitmire v. Ingersoll-Rand Co.* (2010) 184 Cal.App.4th 1078, 1087 [the plaintiff's declaration stating he was exposed to asbestos while working at a plant while the defendant was working there was properly disregarded as not credible in view of the plaintiff's prior interrogatory responses unequivocally indicating that the defendant was working elsewhere at the time].)" (*Ahn v. Kumho Tire U.S.A., Inc.* (2014) 223 Cal.App.4th 133, 144-145.) Admissions must be examined in light of the entire record. (*Consumer Cause, Inc. v. SmileCare* (2001) 91 Cal.App.4th 454, 473; *Mason v. Marriage & Family Center* (1991) 228 Cal.App.3d 537, 546.)

We are satisfied that, even if we apply an abuse of discretion standard of review to the admissions issue, we would reverse the summary judgment. Plaintiff testified at her deposition she either tripped or caught her foot on the wheel stop. Plaintiff's original and

first supplemental declarations related she tripped on the wheel stop. Plaintiff's second declaration states, as noted, that she felt her foot strike a solid object and she fell. The only fixed object which could have caused her fall, she explained, was the wheel stop. Thus, in our view, there is no material inconsistency between her deposition testimony or any declaration such as to warrant an order granting summary judgment. Defendant's effort to have us weigh the competing inferences is without merit. (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 856; *Kids' Universe v. In2Labs*, *supra*, 95 Cal.App.4th at p. 881.)

## IV.  DISPOSITION

The judgment and order granting summary judgment are reversed.  Plaintiff, Teresita Jacinto, may recover her appeal costs from defendant, Caruso Management Company, Limited.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.

GOODMAN, J.[*]

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.