[No. F040016. Fifth Dist. Aug. 19, 2003.]

JUANITA MOORE, Plaintiff and Respondent, v.
WAL-MART STORES, INC., Defendant and Appellant.

## Counsel

Phillips, Spallas & Fotouhi, and Robert K. Phillips for Defendant and Appellant.

Law Offices of Mark S. Nelson, Mark S. Nelson; Law Offices of Tony J. Tanke, Tony J. Tanke; Ringhoff & Toledo, Stephen J. Ringhoff and Theressa Y. Toledo for Plaintiff and Respondent.

## Opinion

**LEVY, J.**—Respondent, Juanita Moore, slipped on a french fry in one of appellant Wal-Mart Stores, Inc.'s (Wal-Mart) retail outlets. Moore sustained significant personal injuries for which a jury returned a verdict in her favor. This appeal challenges the judgment on the ground that the jury was incorrectly instructed on liability.

Although established California law imposes liability only if the owner had actual or constructive knowledge of the dangerous condition that precipitated the fall, the trial court omitted this notice requirement from the jury instructions. Rather, the court took the position that, by incorporating a fast food

restaurant within the store, Wal-Mart could reasonably anticipate that such a dangerous condition would regularly arise. Consequently, Moore recovered without proving notice.

Several of our sister states have embraced the trial court's viewpoint. Nevertheless, it is not the law in California. Consequently, the judgment will be reversed.

## STATEMENT OF THE CASE AND FACTS

Wal-Mart's store in Ceres, California, leases space to a McDonald's franchise. A sign posted by McDonald's asks customers to enjoy their food and drink inside the restaurant. Approximately once an hour Wal-Mart makes a similar request through an announcement over the store's intercom system. Nevertheless, customers regularly consume food and beverages without interference while they browse and shop. When Wal-Mart employees witness such behavior, they do not ask these customers to refrain from eating outside of the designated areas.

The maintenance crew at the Ceres Wal-Mart completes a safety sweep of the entire store every one and one-half hours. Additionally, all employees are trained to regularly check their departments for hazards and to immediately clean up merchandise and other items they see on the floors.

While shopping in the Ceres Wal-Mart one evening, Moore slipped on a french fry in one of the store's main aisles and fell down. The area had been swept between 30 and 45 minutes before the accident occurred. This fall left Moore with a cracked patella and torn cartilage in her knee.

Moore filed a negligence action against Wal-Mart based on premises liability. The jury returned a verdict finding Wal-Mart negligent and awarding Moore $725,000 in damages.

## DISCUSSION

Wal-Mart contends the trial court erred when it refused to instruct the jury that, before liability can be imposed in a slip-and-fall case, the store owner must have had notice of the dangerous condition in sufficient time to have either remedied that condition or provided protection against it. Instead, the jury was instructed that if a business proprietor knows or should know that accidental, negligent or intentionally harmful acts of third persons are occurring or are likely to occur on the premises, the proprietor has the duty to warn or otherwise protect the visitor against such harm. In other words, as instructed, the jury could have found Wal-Mart liable based on Wal-Mart's

practice of permitting third parties to consume food inside the store without Wal-Mart having either actual or constructive knowledge of the particular spill.

The California Supreme Court recently reviewed the law regarding a store owner's liability for injuries to a business invitee caused by a dangerous condition in *Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200 [114 Cal.Rptr.2d 470, 36 P.3d 11]. There, the plaintiff was shopping at a Kmart and slipped on a puddle of milk on the floor. However, the plaintiff had no evidence of either the source of this dangerous condition or the length of time it existed before the accident.

The *Ortega* court first recounted the settled law on establishing liability. Underlying this facet of California law is the principle that a store owner is not an insurer of the safety of its patrons. Nevertheless, the owner does owe the patrons a duty to exercise reasonable care in keeping the premises reasonably safe. (*Ortega v. Kmart Corp., supra,* 26 Cal.4th at p. 1205.)

A store owner exercises ordinary care by making reasonable inspections of the portions of the premises open to customers. (*Ortega v. Kmart Corp., supra,* 26 Cal.4th at p. 1205.) The care required is commensurate with the risks involved. (*Ibid.*) Thus, for example, if the owner operates a self-service grocery store, where customers are invited to inspect, remove, and replace goods on shelves, the exercise of ordinary care may require the owner to take greater precautions and make more frequent inspections than would otherwise be needed. The owner must safeguard against the possibility that such a customer may create a dangerous condition by disarranging or dropping the merchandise. (*Ibid.*) " 'However, the basic principle to be followed in all these situations is that the owner must use the care required of a reasonably prudent [person] acting under the same circumstances.' " (*Ibid.*)

"Because the owner is not the insurer of the visitor's personal safety [citation], the owner's actual or constructive knowledge of the dangerous condition is a key to establishing its liability." (*Ortega v. Kmart Corp., supra,* 26 Cal.4th at p. 1206.) In the absence of actual or constructive knowledge of the dangerous condition, the owner is not liable. Moreover, where the plaintiff relies on the failure to correct a dangerous condition to prove the owner's negligence, the plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it. (*Ibid.*) In contrast, if the burden of proving lack of notice were placed on the owner in a slip-and-fall case, failure to meet the burden would require a finding of liability and effectively render the owner an insurer of the safety of those who enter the premises. (*Ibid.*) Such a result is contrary to current negligence law.

■ However, the plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence. (*Ortega v. Kmart Corp., supra,* 26 Cal.4th at p. 1206.) Whether this condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury. (*Id.* at p. 1207.) There are no exact time limits. Rather, each accident must be viewed in light of its own unique circumstances. (*Ibid.*)

■ Thus, where, as in *Ortega,* there is no direct evidence of the length of time the dangerous condition existed, the plaintiff can demonstrate the store owner had constructive notice of the dangerous condition by showing that the site had not been inspected within a reasonable period of time. (*Ortega v. Kmart Corp., supra,* 26 Cal.4th at p. 1212.) In other words, the plaintiff may raise an inference that the condition existed long enough for the owner to have discovered it. (*Id.* at pp. 1212–1213.) "It remains a question of fact for the jury whether, under all the circumstances, the defective condition existed long enough so that it would have been discovered and remedied by an owner in the exercise of reasonable care." (*Id.* at p. 1213.) Nevertheless, it is still the plaintiff who has the burden of producing evidence and who must prove that the owner had constructive notice of the hazardous condition. (*Id.* at p. 1212.) Here, after giving general negligence instructions, the trial court instructed the jury with BAJI No. 8.23. That instruction states, in relevant part: "The proprietor of a business establishment owes a duty of care to customers when they come upon the business premises at the proprietor's express or implied invitation. [¶] … This duty of care requires the proprietor to exercise reasonable care to discover whether accidental, negligent or intentionally harmful acts of third persons are occurring or are likely to occur on the business premises. If a proprietor knows, or should know that these types of acts are occurring or are likely to occur, the proprietor has the further duty to either give the customer a warning adequate to enable the visitor to avoid the harm, or otherwise to protect the visitor against the harm. [¶] … A failure by the proprietor to perform this duty of care is negligence."

Thus, the jury was not told that liability in this slip-and-fall situation required that the store owner have actual or constructive knowledge of the dangerous condition that caused the accident. As discussed above, a plaintiff must show that the owner had notice of the defect in sufficient time to correct it. Wal-Mart's request for such an instruction was refused.[1]

---

[1] Wal-Mart requested BAJI No. 8.20 (8th ed. 1994) which provided as follows:
"The [owner] [occupant] [lessor] of premises is not negligent and is not liable for an injury suffered by a person on the premises which resulted from a dangerous or defective condition of which the [owner] [occupant] [lessor] had no knowledge, unless the condition existed for such

Moore contends the jury was properly instructed in that this dangerous condition was created by Wal-Mart's business practice. According to Moore, by permitting customers to take food and drinks from McDonald's into the store, Wal-Mart created an unreasonable risk of harm. Since Wal-Mart knew or should have known that McDonald's customers were routinely dropping drinks and fries on its floors, it had constructive notice of the french fry that caused the accident.

Moore relies, in part, on a line of out-of-state authority to support her position. These jurisdictions have imposed liability on store owners in slip-and-fall cases without proof of notice of the dangerous condition based on what has been termed the "mode of operation" rule. This rule has been described as follows: " ' "The 'mode-of-operation' rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident. Under the rule, the plaintiff is not required to prove notice if the proprietor could reasonably anticipate that hazardous conditions would regularly arise. [Citations omitted.] In other words, a third person's independent negligence is no longer the source of liability, and the plaintiff is freed from the burden of discovering and proving a third person's actions ...." ' " (*Jackson v. K-Mart Corp.* (1992) 251 Kan. 700, 707 [840 P.2d 463, 469].)

Applying this rule on facts almost identical to those presented here, the Hawaii Supreme Court permitted a customer who slipped on a french fry to recover against the store owner, also Wal-Mart, without proving that Wal-Mart had notice of the specific instrumentality that caused the accident. The court held that Wal-Mart's business choices, i.e., leasing space to McDonald's and not preventing McDonald's patrons from carrying their McDonald's food into the Wal-Mart shopping area, gave rise to the hazard that caused the injury. In other words, the dangerous condition was traceable to Wal-Mart or its agents. (*Gump v. Wal-Mart Stores, Inc.* (2000) 93 Hawaii 417 [5 P.3d 407, 411].)

---

a length of time that if the [owner] [occupant] [lessor] had exercised reasonable care in inspecting the premises the [[owner] [occupant] [lessor]] would have discovered the condition in time to remedy it or to give warning before the injury occurred.

"[Nor may the [owner] [occupant] [lessor] be found to be negligent if, having exercised *ordinary care,* [he] [or] [she] discovered such a condition before the time of the injury, but not long enough before to provide [him] [or] [her] the time reasonably necessary to remedy the condition or to give reasonable warning or to provide reasonable protection.]"

However, this is not the law in California as recently restated by the Supreme Court. (*Ortega v. Kmart Corp., supra,* 26 Cal.4th 1200.) This conclusion is further illustrated by the jury instruction that was adopted in response to the *Ortega* opinion. That instruction, BAJI No. 8.24, provides in part: "A store owner is not negligent unless [he] [she] [it] actually knew or reasonably should have known of the dangerous or defective condition a sufficient time before the accident to have either remedied the condition or provided warning or protection against it. An owner reasonably should know of a dangerous or defective condition if it existed for a sufficient length of time before the accident that if the owner had exercised reasonable care in inspecting the premises, the owner would have discovered the condition in time to remedy it or to give warning or protection before the injury occurred."

The revised civil jury instructions, effective September 2003, restate this principle as follows: "In determining whether [*name of defendant*] knew or should have known of the condition that created the risk of harm you must decide whether, under all the circumstances, the condition was of such a nature and existed long enough so that it would have been discovered and corrected by an owner using reasonable care. [¶] If an inspection was not made within a reasonable time before the accident, this may show that the condition existed long enough so that a storeowner using reasonable care would have discovered it." (Jud. Council of Cal. Civ. Jury Instns. (2003–2004) CACI No. 1011.)

█ Thus, under current California law, a store owner's choice of a particular "mode of operation" does not eliminate a slip-and-fall plaintiff's burden of proving the owner had knowledge of the dangerous condition that caused the accident. Moreover, it would not be prudent to hold otherwise. Without this knowledge requirement, certain store owners would essentially incur strict liability for slip-and-fall injuries, i.e., they would be insurers of the safety of their patrons. For example, whether the french fry was dropped 10 seconds or 10 hours before the accident would be of no consequence to the liability finding. However, this is not to say that a store owner's business choices do not impact the negligence analysis. If the store owner's practices create a higher risk that dangerous conditions will exist, ordinary care will require a corresponding increase in precautions.

Consequently, the trial court erred in eliminating the actual or constructive knowledge requirement from the jury instructions. Moreover, this error was prejudicial. As discussed above, whether the store owner had constructive knowledge of the existence of the dangerous condition is a question of fact for the jury. This element is essential to a finding of liability. However, the jury was not instructed to make a finding on this critical issue. Based on the

record, it cannot be concluded as a matter of law that Wal-Mart knew or should have known of the existence of the french fry. Therefore, the judgment must be reversed.

## DISPOSITION

The judgment is reversed. Costs on appeal are awarded to appellant.

Dibiaso, Acting P. J., and Cornell, J., concurred.

A petition for a rehearing was denied September 5, 2003, and respondent's petition for review by the Supreme Court was denied November 12, 2003.