Filed 6/27/13  Herrera v. 99¢ Only Stores CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| SHANNON HERRERA, | D059877 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2008-00095210-CU-PO-CTL) |
| 99¢ ONLY STORES, | |
| Defendant and Respondent. | |


APPEAL from a judgment of the Superior Court of San Diego County, Luis R. Vargas, Judge.  (Retired judge of the San Diego Sup. Ct.)  Reversed.

Gregory S. Cilli for Plaintiff and Appellant.

Morris Polich & Purdy, Jens B. Koepke, Scott M. Koppel and Danilo D. Endoso for Defendant and Respondent.


In this slip and fall case, the defendant, 99¢ Only Stores (the Store), moved for summary judgment.  The trial court granted the Store's motion and entered judgment in favor of the Store.  Shannon Herrera appealed.  As we shall explain, we conclude

the trial court erred in granting summary judgment. Accordingly, we reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 1, 2006, Herrera and her husband entered the Store to shop. Approximately 10 minutes after entering the Store, Herrera walked into an aisle and slipped and landed on her back.

While lying on the floor, Herrera noticed a six-foot-wide puddle of clear sticky liquid. To her left, she could also see a clear liquid dripping down the shelves to the floor. Herrera's husband noticed a case of lemon-lime soda on a high shelf that looked "crunched" with its bottom soaked and a liquid dripping from that shelf.

About twenty minutes after the fall, paramedics arrived and took Herrera to the hospital. She suffered a fractured tailbone, a herniated disk and a pinched sciatic nerve in her right leg.

Herrera's operative complaint alleged three causes of action for general negligence, products liability, and premises liability. The Store generally denied Herrera's allegations. Later, it moved for summary judgment.

In response to the general negligence and premises liability causes of action, the Store alleged it did not have actual or constructive notice of the hazardous condition. For the products liability cause of action, it alleged Herrera could not establish a defective soda can caused her accident. The court granted the motion and entered judgment in the Store's favor. Herrera timely appealed.

On appeal, Herrera does not claim the trial court erred in finding against her on her products liability and premises liability causes of action. She, however, contends the trial court erred in finding that the reasonable and permissible inferences from the evidence demonstrated no triable issue of fact on her general negligence cause of action. We requested further briefing on whether the Store had met its initial burden to show that either one or more elements of the general negligence cause of action could not be established. Both parties provided a response.

## DISCUSSION

### I. *Legal Standards*

A summary judgment motion on appeal "raises only questions of law regarding the construction and effect of the supporting and opposing papers"; therefore, we review the record de novo. (*AARTS Productions, Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064.) In doing so, we apply the same three-step analysis the trial court performs. (*Clark v. Baxter Healthcare Corp.* (2000) 83 Cal.App.4th 1048, 1054.) We first identify the issues framed by the pleadings because it is those issues the papers must address. (*Ibid.*) Second, we determine if the moving party's evidence demonstrates the opponent cannot establish its claim and justifies a judgment in the moving party's favor. (*Ibid.*) Lastly, we determine whether the opposing party's evidence demonstrates a triable issue of material fact. (*Ibid.*) When analyzing the parties' evidence, we strictly construe the moving party's evidence and liberally construe the opposing party's evidence. (*Government Employees Ins. Co. v. Superior Court* (2000) 79 Cal.App.4th 95, 100.)

3

The moving party bears an initial burden of production to show the nonexistence of any triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) To meet this burden, the moving party's evidence must show that "one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to that cause of action." (Code Civ. Proc., § 437c, subd. (p)(2).) (All further statutory references are to the Code of Civil Procedure unless otherwise indicated.) This burden includes addressing all liability theories contained in a plaintiff's pleadings. (*Lopez v. Superior* Court (1996) 45 Cal.App.4th 705, 717.)

If the moving party does not meet its initial burden of production, the nonmoving party does not have to produce any evidence, and the court must deny the summary judgment motion. (*See* § 437c, subd. (p)(1); *Consumer Cause, Inc. v. SmileCare* (2001) 91 Cal.App.4th 454, 469.) "A summary judgment may not be granted when the moving party has failed to 'refute [a] tenable pleaded theor[y].' [Citation.]" (*Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 161–162 [quoting *Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 942].)

Our Supreme Court set the standard for slip and fall cases: store owners must have actual or constructive notice of the hazardous condition. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1206 (*Ortega*).) However, when the store owner or its employees create the hazardous condition, notice is imputed to the store owner. (*Hatfield v. Levy Brothers* (1941) 18 Cal.2d 798, 806.)

4

II. *Analysis*

In her general negligence cause of action, Herrera alleged four liability theories. Two liability theories concerned notice to the Store of the hazardous condition. Specifically, Herrera alleged the Store failed to warn her of the hazardous condition and that it failed to clean up the liquid on the floor.

Herrera's other two general negligence theories concerned actions taken by the Store or its employees. She alleged the Store improperly stocked the soda on the shelf which caused soda to leak onto the floor. She also alleged the Store failed to inspect the cans when it stocked the cans on the shelf. Herrera, in other words, alleged the Store or its employees created the hazardous condition.

We agree the Store met its initial burden with respect to Herrera's failure to warn and failure to clean up the liquid theories of liability. These general negligence theories are no different than a premises liability cause of action where a store owner must have actual or constructive notice of the hazardous condition before a breach of duty can be found. (*See Ortega*, *supra*, 26 Cal.4th at p. 1206.) The hourly inspection report, the declaration of the Store's assistant managers, and Herrera's deposition satisfied the Store's production burden on these theories and shifted the burden to Herrera to show a triable issue of material fact. Herrera failed to provide any evidence to demonstrate a triable issue of material fact on these two theories.

This same evidence, however, is not sufficient to shift the burden to Herrera on her remaining two general negligence theories. When a store owner or its employees create the hazardous condition, notice is imputed to the store owner. (*Hatfield v. Levy*

5

*Brothers*, *supra*, 18 Cal.2d at p. 806.) In order for the Store to shift the burden to Herrera, it had to produce evidence, such as declarations, affidavits, or other records, to show Herrera could not establish one or more elements of her remaining negligence theories. (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at pp. 853–855.) The Store's evidence only addressed actual or constructive notice, not its precautionary actions taken while stocking soda on the morning of the accident. Because the Store failed to provide any evidence which showed Herrera could not establish her remaining negligence theories, the burden did not shift to Herrera to produce any evidence. (*See* § 437c, subd. (p)(1); *Consumer Cause, Inc. v. SmileCare*, *supra*, 91 Cal.App.4th at p. 469.) Therefore, any evidence she did submit is immaterial to the ultimate decision.

In its supplemental brief, the Store argued it had shifted the burden to Herrera because it had provided evidence to negate the actual or constructive notice requirement in premises liability claims, and Herrera could not use her complaint "to fill th[at] evidentiary void." Relying on *Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472 (*Moore*) and *Lively v. Wild Oats Markets* (C.D.Cal., Nov. 3, 2006, No. CV 04-117-RGK) [2006 WL 5085248] (*Lively*), it further argued that alleging "how a store owner operated its store was negligent does not obviate the need to show some actual or constructive notice."

The Store's reliance on *Moore* and *Lively* is misplaced. *Moore* concerned actions by customers, which caused a hazardous condition. (*Moore*, *supra*, 111 Cal.App.4th at p. 478 [customers allowed to take food into store].) *Moore* is

6

distinguishable.  Here, Herrera alleged the Store created the hazardous condition not its customers.

Lively concerned actions by employees, which caused a hazardous condition. (*Lively*, *supra*, 2006 WL 5085248 at p. *1 [employees placed floral arrangement, which leaked water, on floor where customers would walk by it].)  The store in *Lively*, though, took precautionary measures to counter the higher risk that its employees' actions might cause a hazardous condition.  (*Id.* at p. *2 [store placed slip-resistant mat in front of display].)  Here, assuming the Store created the hazardous condition as alleged by Herrera, it failed to present evidence that it increased precautions in response to the risk it created.  (*Moore*, *supra*, 111 Cal.App.4th at p. 479 ["If the store owner's practices create a higher risk that dangerous conditions will exist, ordinary care will require a corresponding increase in precautions."]; *see also Ortega*, *supra*, 26 Cal.4th at p. 1205 ["the care required is commensurate with the risks involved"].)

The Store admitted its employees stocked soda on the morning of Herrera's accident.  A reasonable inference from this evidence, coupled with the fact of the liquid on the floor, is that an employee mishandled the case while stocking it, thus causing damage to soda in the case which then leaked liquid on the floor.  The Store's actual or constructive notice argument in its summary judgment motion did not obviate its burden to show Herrera did not and could not discover evidence to prove her negligence theory.  For example, the Store could have provided evidence showing increased inspections after it stocked its shelves or how it trained its employees to minimize damage to inventory when it stocked its shelves.

7

The Store's evidence, strictly construed, did not address two of Herrera's negligence theories.  Because the Store failed to meet its initial burden of proof, the court erred when it granted the Store's summary judgment motion.

DISPOSITION

The judgment is reversed.  Herrera is to recover her costs on appeal.


McINTYRE, Acting P. J.

WE CONCUR:

O'ROURKE, J.

AARON, J.