NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSA BARTA, | No. 17-56552 |
| Plaintiff-Appellant, | D.C. No. 8:16-cv-00786-AG-DFM |
| v. | |
| TARGET CORPORATION; DOES, 1-100, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted August 14, 2019[**]
Pasadena, California

Before: CALLAHAN, CHRISTEN, and R. NELSON, Circuit Judges.

Plaintiff Rosa Barta appeals the district court's order granting summary

judgment to Target in her diversity action alleging negligence and premises

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

liability under California law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1. Barta argues that the district court erred in deciding that she failed to raise a genuine issue of material fact as to whether Target had sufficient notice of a shopping cart wipe on the floor, which she alleges caused her slip and fall. Under California law, the plaintiff in a slip-and-fall action "has the burden to prove the owner had actual or constructive notice of the defect in sufficient time to correct it." *Ortega v. Kmart Corp.*, 36 P.3d 11, 13 (Cal. 2001). In the absence of actual notice, the plaintiff can prove constructive notice "by showing that the site had not been inspected within a reasonable period of time." *Moore v. Wal-Mart Stores, Inc.*, 3 Cal. Rptr. 3d 813, 816 (Cal. Ct. App. 2003).

It is undisputed that a Target employee, Brad Shuler, inspected the incident area 5 ½ minutes before Barta's slip-and-fall. Neither Shuler nor other witnesses, including Barta and her daughter, saw a wipe or other debris on the floor before Barta fell. *See Ortega*, 36 P.3d at 14 (noting that "a store owner is not an insurer of the safety of its patrons"); *Moore*, 3 Cal. Rptr. 3d at 818 (explaining that "store

---

[1] Because the parties are familiar with the facts and the procedural history, we do not recount them here.

owners would essentially incur strict liability for slip-and-fall injuries" if not for the notice requirement).

Barta contends that she could prove constructive notice based on Target's practice of distributing shopping cart wipes to its customers. But Target persuasively argues that Barta's argument resembles the "mode of operation" rule that California courts have declined to adopt. *See Moore*, 3 Cal. Rptr. 3d at 817–18 (rejecting the "mode of operation" rule, which says a plaintiff does not have to prove notice if the defendant "could reasonably anticipate that hazardous conditions would regularly arise").

Barta also argues that she could prove constructive notice by showing that Shuler failed to perform an adequate inspection, but her assertion is unsupported by the record. Moreover, Barta waived this argument by raising it for the first time on appeal or in her reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The district court did not err by granting summary judgment because Barta failed to raise a triable issue of fact as to whether Target had actual or constructive notice of a wipe or other dangerous condition on the floor in sufficient time to remedy it.

2. Barta also challenges the district court's conclusion that she did not introduce evidence from which a reasonable jury could find that a shopping cart wipe caused her slip-and-fall. "A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Ortega*, 36 P.3d at 15 (quoting W. Keeton et al., *Prosser and Keeton on Law of Torts* § 41, p. 269 (5th ed. 1984)). Here, the circumstantial evidence is too meager to support a reasonable inference that a shopping cart wipe caused Barta's fall. We therefore agree with the district court that Barta failed to raise a triable issue of fact as to causation.

**AFFIRMED.**