NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEGGY RUST, | No.   22-55123 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-02349-WQH-DEB |
| v. | |
| TARGET CORPORATION, a business organization form unknown; DOES, 1 through 10, inclusive, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted April 14, 2023[**]
Pasadena, California

Before:  W. FLETCHER, BERZON, and LEE, Circuit Judges.

Peggy Rust was injured in a Target store after she slipped in a puddle of spilled cleaning fluid.  She sued Target for negligence under California state law, asserting a premises liability theory.  The district court granted summary judgment for Target.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc). "[W]e must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* (quoting *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir. 2001)). For "an issue on which the nonmoving party bears the burden of proof . . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Because Rust has the burden to prove that Target breached its duty of ordinary care in keeping the premises reasonably safe, she must introduce evidence that Target had actual or constructive knowledge of the dangerous condition and that it failed to correct the condition within a reasonable time. *Ortega v. Kmart Corp.*, 36 P.3d 11, 15 (Cal. 2001); *Moore v. Wal-Mart Stores, Inc.*, 3 Cal. Rptr. 3d 813, 816–17 (Ct. App. 2003). Rust has not met that burden. Indeed, the only evidence in the record about when Target received actual notice of the spill is a Target employee's testimony that she was approached by a customer who told her that he spilled bleach in the bleach aisle. And there is no dispute that the employee immediately responded

2

to that notice.[1]

1. <u>Rust has submitted no evidence that could reasonably prove that Target had actual notice of the spill before the time specified in the employee's testimony.</u> Contrary to her argument, no reasonable jury could understand Target's statement that "[t]eam members are all trained to constantly inspect all areas of the store" to mean that Target "had the scene of the incident under observation 'constantly' *i.e.* 100% of the time." *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) (noting that an inference on summary judgment "may be drawn in favor of the nonmoving party only if it is 'rational' or 'reasonable'").

2. <u>Rust has submitted no evidence that could reasonably prove that Target had constructive knowledge of the dangerous condition before the Target employee received actual notice of it.</u> A plaintiff may demonstrate constructive knowledge by submitting evidence that "the site had not been inspected within a reasonable period of time so that a person exercising due care would have discovered and corrected the hazard." *Ortega*, 36 P.3d at 20. Nothing in the record supports a conclusion that Target failed to reasonably inspect the premises, nor is there evidence supporting a conclusion that the spill existed for an unreasonable period of time before Rust

---

[1] Because this court is concerned with the Target employee's response to the customer's statement, the truth of that statement (i.e., that he was the source of the spill, that the spill was bleach, and that it occurred in the "bleach aisle") is of no consequence.

slipped. Without any such evidence, no reasonable jury could find that Target had constructive knowledge of the spill before the employee was notified of it.

3. Rust has submitted no evidence to support her contention that a Target employee caused the spill. Where a dangerous condition results from the negligence of an employee acting within the scope of a defendant's employment, knowledge of the dangerous condition is imputed to the defendant. *Hatfield v. Levy Bros.*, 117 P.2d 841, 845 (Cal. 1941). Rust contends that a Target employee might have caused the spill. But this mere speculation does not create a genuine issue of material fact. *See T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

In short, the record supports the determination that Target received actual notice of the spill when a customer told an employee that he spilled something. Because there is no dispute the employee immediately responded to that notice, no reasonable jury could find that Target breached its "duty to exercise reasonable care in keeping the premises reasonably safe." *Id.* at 14.

**AFFIRMED**.