Filed 7/24/23  Peterson v. Chasan Family Trust CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROBERT O. PETERSON, Plaintiff and Appellant, v. CHASAN FAMILY TRUST, Defendant and Respondent. | D080426 (Super. Ct. No. 37-2020-00028363-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald F. Frazier, Judge.  Reversed.

Law Offices of John Y. Tremblatt and John Y. Tremblatt for Plaintiff and Appellant.

Tyson & Mendes, Molly A. Gilardi, and Cindy Pham, for Defendant and Respondent.

Robert O. Peterson, a mail carrier, slipped and fell while walking down the driveway of certain residential property owned by the Chasan Family Trust (Trust).  Peterson brought suit against the Trust for negligence and premises liability.  The Trust filed a motion for summary judgment, primarily

based upon Peterson's deposition testimony where he admitted that he did not know how or why he fell. In opposing the motion for summary judgment, Peterson submitted a declaration wherein he stated that he slipped and fell because the driveway was slippery. The court excluded that portion of Peterson's declaration, determining that it contradicted his deposition testimony. Moreover, the court determined that Peterson did not provide sufficient evidence of causation to defeat the motion for summary judgment.

Peterson appeals the judgment following the Trust's successful motion for summary judgment, arguing that his declaration did not contradict his deposition testimony. We determine that even if we agree with the superior court that a portion of Peterson's declaration should have been excluded, Peterson produced sufficient evidence to create a triable issue of material fact to thwart the Trust's motion for summary judgment. As such, we reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The Trust owns certain real property on Vista Del Mar in San Diego (Property). Peterson, who works for the United States Postal Service, delivered mail to the Property. While delivering mail one day, he fell on the Property's driveway and was injured.

Peterson brought suit against the Trust, alleging two causes of action: negligence and premises liability (willful failure to warn). Specifically, Peterson alleged that he "slipped and fell as a result of a dangerous condition of the [P]roperty. Said condition consisted of a slippery surface on the drivway [*sic*] which [Peterson] had to traverse to deliver mail." Peterson further averred that the Trust "willfully or maliciously failed to guard or warn against the dangerous condition, use, structure, or activity."

2

The Trust brought a motion for summary judgment, arguing that both causes of action lacked merit because Peterson could not prove causation. The fulcrum of the Trust's motion was Peterson's deposition testimony wherein he testified that he had no idea what caused him to fall. In support of its motion for summary judgment, the Trust submitted a statement of undisputed material facts, a declaration from Jeffrey Chasan (trustee of the Trust), a declaration from attorney Elysa Houze-Benson, the operative complaint, and excerpts from the deposition transcript of Peterson.

In opposing the motion for summary judgment, Peterson maintained that when he "reached an area midway down the driveway, he lost footing and fell backwards due to the dangerously steep and slippery driveway." In support of his opposition, Peterson submitted a declaration. In that declaration, he stated, among other things, that: (1) "The driveway was hazardous and slippery mainly due to extreme steepness and surface"; (2) he adopted a "modified gait" to walk down the driveway; (3) he had "slipped on the pavement on multiple occasions" but "did not fall on those prior occasions as [he] was able to regain [his] footing"; and (4) he had complained to the Property's owner "about how dangerous the descent to the mail slot was." Regarding the cause of his fall, Peterson declared:

> "I do not remember the actual moment of the occurrence. I do know from the way I fell backwards, landing on my back and hitting my head, and from the fact that there were no obstacles in the driveway to trip over that as before, I had slipped only on this occasion I fell. As I was getting myself back together I further determined that I slipped and fell from the fact that the surface of the driveway was slippery, as it usually was."

Peterson submitted two other declarations from mail carriers Ryan Doerr and Steven Howell attesting to the slipperiness and alleged dangerousness of the Property's driveway. In addition, Peterson filed

3

excerpts from the depositions of Chasan, Barak Covert (the owner of the company that stained and sealed the Property's driveway in 2017), and Peterson. Peterson also filed a separate statement of disputed material facts, which disputed several of the Trust's undisputed, material facts.

The Trust filed a reply, objections to evidence submitted by Peterson, and a reply to Peterson's statement of additional material facts.

The court entertained oral argument and took the matter under submission. Ultimately, it granted the motion for summary judgment, noting that Peterson presented "two theories as to the cause of his fall: the slipperiness of [the Trust's] driveway and [the] steepness of the driveway." In rejecting the former, the court determined that Peterson's declaration wherein he stated that he slipped and fell " 'from the fact that the surface of the driveway was slippery, as it usually was' " contradicted Peterson's previous deposition testimony where "he repeatedly testified he had 'no idea' what caused him to fall, that he does not know why he fell, that he did not notice anything that he slipped or fell on, and that he was 'puzzled' about it." As such, the court sustained the Trust's objection to the last sentence of paragraph 8 of Peterson's declaration in which he declared, "As I was getting myself back together I further determined that I slipped and fell from the fact that the surface of the driveway was slippery, as it usually was." Thus, the court excluded Peterson's evidence that he slipped and fell on the Property's driveway because the driveway was slippery.[1]

The court also concluded that Peterson did not provide any evidence that the steepness of the driveway caused his fall.

The court subsequently entered judgment in favor of the Trust.

---

[1]    However, the court did not exclude any of the other evidence offered by Peterson, including the majority of his declaration.

4

Peterson timely appealed.

## DISCUSSION

## I

## MOTION FOR SUMMARY JUDGMENT

### A.  Peterson's Contentions

Peterson contends the superior court erred in granting summary judgment because it based its ruling on Peterson's failure of recollection as to the actual fall and concluded his declaration stating his fall was caused by the steep, slippery driveway was inconsistent with his deposition testimony. Additionally, he argues, "even without the testimony the court [found] conflicting," he provided sufficient evidence to create a triable issue of material fact as to the cause of his fall.

### B.  Standard of Review

We review an order granting summary judgment de novo.  (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39 (*Gonzalez*).)  " 'In practical effect, we assume the role of a trial court and apply the same rules and standards which govern a trial court's determination of a motion for summary judgment.' " (*Shugart v. Regents of University of California* (2011) 199 Cal.App.4th 499, 505.)

A defendant seeking summary judgment bears "the burden of persuasion" that one or more elements of the cause of action in question cannot be established or that there is a complete defense to it.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  The defendant also "bears an initial burden of production to make a prima facie showing" that no triable issue of material fact exists; if he carries his burden of production, "he causes a shift, and the opposing party is then subjected to a burden of production of

5

his own to make a prima facie showing of the existence of a triable issue of material fact." (*Ibid*.; Code Civ. Proc., § 437c, subds. (o), (p)(2).)

In determining whether there is a triable issue of material fact, we consider all the evidence presented on the motion for summary judgment except that to which objections were sustained. (*Gonzalez*, *supra*, 12 Cal.5th at p. 39.) " 'We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.' " (*Ibid*.) " 'We accept as undisputed facts only those portions of the moving party's evidence that are not contradicted by the opposing party's evidence. . . . In other words, the facts alleged in the evidence of the party opposing summary judgment and the reasonable inferences therefrom must be accepted as true.' " (*Hanson v. Grode* (1999) 76 Cal.App.4th 601, 604 (*Hanson*); see *Birschtein v. New United Motor Manufacturing, Inc.* (2001) 92 Cal.App.4th 994, 999 (*Birschtein*) [on de novo review of an award of summary judgment, "our account of the facts is presented in the light most favorable to the nonmoving party below, in this case plaintiff, and assumes that, for purposes of our analysis, her version of all disputed facts is the correct one"].) "[A]ny doubts as to the propriety of granting a summary judgment motion should be resolved in favor of the party opposing the motion." (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535.)

C. Analysis

The summary judgment motion was aimed at two causes of action: negligence and premises liability. "The elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury." (*Kesner v. Superior Court* (2016) 1 Cal.5th 1132, 1158; see *Ramirez v. PK I Plaza 580 SC LP* (2022) 85 Cal.App.5th 252, 260; *Sabetian v. Exxon Mobil Corp.* (2020) 57 Cal.App.5th

1054, 1070.) In addition, "[b]ecause the owner is not the insurer of the visitor's personal safety," to establish a breach of the owner's duty " 'due to [a] defective condition on the premises,' " the plaintiff must show the owner had " ' "either actual or constructive knowledge of the dangerous condition" ' " or was " ' "able by the exercise of ordinary care to discover the condition . . . ." ' " (*Ortega v. Kmart Corp.* (2021) 26 Cal.4th 1200, 1206 (*Ortega*); see *Joshi v. Fitness Internat., LLC* (2022) 80 Cal.App.5th 814, 832; *Kaney v. Custance* (2022) 74 Cal.App.5th 201, 216 (*Kaney*).) "The plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence. . . . Whether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations." (*Ortega*, at pp. 1206-1207; see *Kaney*, at p. 216; *Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 477.)

In its summary judgment motion, the Trust argued that Peterson could not prove causation because he did not know how or why he fell. The Trust also argued that Peterson could not show a dangerous condition existed at the Property or that the Trust had any notice of such dangerous condition.

In arguing that Peterson could not prove causation, the Trust relied exclusively on Peterson's deposition testimony wherein he testified that he either slipped or tripped and fell while walking down the Property's driveway, but he admitted that he "ha[d] no idea how it happened," and he did not "know how [he] fell, why [he] fell." Further, the Trust argued that Peterson did not offer "any evidence of a causal link between any kind of condition of the subject driveway and his fall."

In opposing the motion for summary judgment, Peterson submitted his declaration to address the causation issue raised by the Trust. To this end, paragraph 8 of Peterson's declaration purported to explain why he slipped and fell:

> "I do not remember the actual moment of the occurrence. I do know from the way I fell backwards, landing on my back and hitting my head, and from the fact that there were no obstacles in the driveway to trip over that as before, I had slipped only on this occasion I fell. *As I was getting myself back together I further determined that I slipped and fell from the fact that the surface of the driveway was slippery, as it usually was.*" (Italics added.)

However, the Trust objected to some of the evidence Peterson submitted in support of his opposition, including the last sentence of paragraph 8 of the Peterson declaration. The superior court sustained the Trust's objection to the above italicized sentence and disregarded that sentence. However, there is no indication in the record that the court sustained any of the Trust's other objections.

Here, Peterson vehemently argues the court improperly excluded the last sentence of paragraph 8 of his declaration. We need not decide this issue because, even if that sentence was properly excluded, the superior court still erred in granting summary judgment.

Causation is generally a "question of fact which cannot be resolved by summary judgment" and "may be decided as a question of law only if, under undisputed facts, there is no room for a reasonable difference of opinion." (*Nichols v. Keller* (1993) 15 Cal.App.4th 1672, 1687.) "Causation must be established by nonspeculative evidence," (*Kaney*, *supra*, 74 Cal.App.5th at p. 212), but "[c]ircumstantial evidence is just as good as direct evidence to create a triable issue of fact." (*Hussey-Head v. World Savings & Loan Assn.* (2003) 111 Cal.App.4th 773, 780.)

8

Here, Peterson's theory is that he slipped and fell while walking down the Property's driveway, which was dangerously slippery and steep. The Trust maintains Peterson presented no evidence regarding what caused him to slip and fall because he testified during deposition that he had no idea why he fell. But circumstantial evidence and the reasonable inferences drawn from it can be sufficient to prove the cause of a plaintiff's fall, even if the plaintiff does not know what caused the fall or could not remember the fall. (*Kaney, supra*, 74 Cal.App.5th at p. 217; *Sokolow v. City of Hope* (1953) 41 Cal.2d 668, 672.) In opposing the motion for summary judgment, Peterson submitted sufficient evidence to create a disputed issue of material fact regarding causation.

For example, in his declaration, Peterson stated that he had been delivering mail to the Property for about four years and had to walk down the driveway to the mail slot. He noted that "[t]he driveway was hazardous and slippery mainly due to its extreme steepness and surface." Because of the "steepness" and "slippery condition of the driveway," Peterson, as well as other mail carriers who delivered mail to the Property, "had to adopt a modified gait to get down and back up the driveway." Further, Peterson declared that, before the day he actually slipped and fell on the driveway, he had "slipped on the pavement on multiple occasions" but "did not fall . . . as [he] was able to regain [his] footing."

In addition, the declarations of Doerr and Howell provide evidence that the Property's driveway was "steep" and "slippery."

Finally, Peterson submitted excerpts of the deposition transcript of Covert, who described the Property's driveway as "exceptionally steep" and noted it was "one of the steeper ones I have done." Covert also testified about the unique nature of the Property's driveway:

9

"Normally—normally on steeper driveways like this, they are generally going up into the garage. So I haven't really done any that drop down significantly into the garage. But there is usually some, you know, flat space. And the flat part you see here is right next to the sidewalk. So that's as soon as you drop over that, you know, it's like a steep grade down into the garage."

Covert also testified the Property's driveway dropped "significantly" and believed heavier grit was warranted for the driveway "because of how steep it was."

Despite Peterson testifying that he did not know how or why he fell while walking down the Property's driveway, we conclude that he presented sufficient evidence to create a triable issue of fact as to causation. Peterson slipped and fell while walking down the Property's driveway. He submitted evidence that the driveway was steep and slippery. And he had slipped multiple times walking down the driveway before his fall. Against this backdrop, a fact finder could reasonably infer that Peterson slipped because of the dangerous condition of the driveway. In making this determination, we reemphasize that we must liberally construe Peterson's evidence and resolve doubts concerning the evidence in his favor. (See *Gonzalez*, *supra*, 12 Cal.5th at p. 39; *Hanson, supra,* 76 Cal.App.4th at p. 604; *Birschtein, supra,* 92 Cal.App.4th at p. 999.)

Having determined that a triable issue of fact exists as to causation, we conclude the superior court erred in granting the Trust's motion for summary judgment. However, because a property owner's knowledge or constructive knowledge of the property's dangerous condition is an additional element of premises liability (see *Ortega*, *supra*, 26 Cal.4th at p. 1206), we also address the Trust's claim that it is undisputed that "No one has ever reported or complained of the subject driveway being dangerous." In support of this

assertion, the Trust relies on Chasan's declaration wherein he states: "To the best of my knowledge, prior to this lawsuit, no one has ever complained of or reported the driveway at [the Property] being dangerous."

However, Peterson directly contradicted the Trust's evidence in his declaration by stating: "I complained to the owner, Jeffrey Chasan, on previous occasions about the mail slot. Included in the complaints were complaints about how dangerous the descent to the mail slot was. I asked Mr. Chasan to move the mail receptacle to [the] street to avoid the risks posed by the driveway." If a fact finder found Peterson credible then it could reasonably conclude that the Trust was aware of the danger the Property's driveway presented. Therefore, we conclude a triable issue of material fact exists as to whether the Trust was aware of the driveway's dangerous condition.

Based on the foregoing, we conclude the superior erred in granting the Trust's motion for summary judgment.

## DISPOSITION

The judgment is reversed. Peterson is entitled to his costs on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

DATO, J.

11