NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 17 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIRNA EILIZABETH MARTINEZ BARRERA, <br><br>        Plaintiff-Appellant, <br><br>  v. <br><br> COSTCO WHOLESALE CORPORATION, <br><br>        Defendant-Appellee, <br><br>  and <br><br> DOES, 1 to 25, Inclusive, <br><br>        Defendant. | No.   21-56251 <br><br> D.C. No. <br> 2:19-cv-08146-DMG-JC <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted August 5, 2022**
Pasadena, California

Before: SILER,*** CALLAHAN, and FORREST, Circuit Judges.

---

    \*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Mirna Elizabeth Martinez Barrera ("Barrera") slipped on a puddle of water and fell as she was shopping at a Costco Wholesale Corporation ("Costco") store in Northridge, California. So she sued Costco in Los Angeles County Superior Court, asserting claims for premises liability and general negligence. Costco subsequently removed the case to federal district court.

The district court granted Costco's motion for summary judgment. First, it found that Costco lacked constructive knowledge of the water on which Barrera slipped. Next, it found that Barrera failed to establish any causal connection between the separate leak in the dairy room, of which Costco undisputedly had notice, and her own fall. We affirm.[1]

We review the district court's grant of summary judgment de novo. *Jones v. Union Pac. R.R. Co.*, 968 F.2d 937, 940 (9th Cir. 1992). Thus, we view the evidence "in the light most favorable to the party opposing the motion," and we determine whether there are any genuine issues of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Under California law, a store owner owes its patrons "a duty to exercise reasonable care in keeping the premises reasonably safe." *Ortega v. Kmart Corp.*,

---

[1] Barrera filed a Motion for Leave to Transmit a Physical Exhibit under Circuit Rule 27-14. She urges this court to review the surveillance footage of the area near her fall. But because this appeal can be resolved without doing so, we deny Barrera's motion.

26 Cal. 4th 1200, 1205 (2001). This duty includes "making reasonable inspections of the portions of the premises open to customers." *Id.* A store owner is not, however, the insurer of its patrons' personal safety. *Id*. at 1206. And an inference of negligence cannot be drawn against the owner simply because an accident occurred on its premises. *Id*.

Instead, the owner's liability is tied to its knowledge of the dangerous condition. *Id*. Thus, "where the plaintiff relies on the failure to correct a dangerous condition to prove the owner's negligence, the plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it." *Id*. "The plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence." *Id*.

Here, the undisputed facts confirm that Olegario Banuelos, a Costco maintenance employee, inspected the area where Barrera fell just eighteen minutes before her fall. And while California courts have not set forth a specific time that constitutes a "sufficient period," we conclude that these circumstances are not sufficient to charge Costco with constructive knowledge of the condition. *See Ortega*, 26 Cal. 4th at 1208–12 (upholding verdict for plaintiff where milk might have been on the floor for two hours); *see also Ziplusch v. LA Workout, Inc.*, 155

3

Cal. App. 4th 1281, 1285 (reversing grant of summary judgment where evidence showed defendant had not inspected the area for over eighty-five minutes).

Barrera also insists that Costco's actual knowledge of a different leak—the leak in the dairy room—should defeat Costco's Motion for Summary Judgment. But Barrera has offered no evidence that the leak in the dairy room caused her fall. As with all the elements essential to a negligence claim, the plaintiff has the burden to prove causation. *Ortega*, 26 Cal. 4th at 1205. "The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result." *Id*. "A mere possibility of such causation is not enough," *id*., and "[s]peculation does not establish causation" to create a triable issue of material fact, *Peralta v. Vons Cos., Inc.*, 24 Cal. App. 5th 1030, 1036 (2018).

Barrera theorizes that the leak in the dairy room may have seeped past the towels heaped upon it and formed a separate pool of water outside the dairy room or that the water may have been "tracked by foot or cart a few feet away." But speculation alone cannot defeat a motion for summary judgment.

**AFFIRMED**.